## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**FRANK ESQUIBEL,**

     **Plaintiff,**

**vs.**                                                   **No. CIV 00-1535 BB/LCS**

**LARRY G. MASSANARI,[1]**
**ACTING COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court *sea sponte* for consideration of Plaintiff's failure to prosecute his case.

### PROPOSED FINDINGS

1.     On October 31, 2000, Plaintiff filed his Complaint seeking judicial review of a decision of the Commissioner denying his claim for Social Security benefits.  On March 12, 2001, I issued an Order to Show Cause, requiring Plaintiff to show cause for his failure to timely serve Defendant pursuant to FED.R.CIV.P. 4.  On April 6, 2001, Plaintiff filed a Response stating that Defendant had been served on January 12, 2001, and that he had agreed to Defendant's request for extension of time to file an answer.

2.     On April 12, 2001, I issued an Order setting a briefing schedule in this case, requiring that Plaintiff serve a Motion to Reverse or Remand Administrative Agency Decision with supporting

---

[1] Effective March 29, 2001, Larry G. Massanari was appointed to serve as Acting Commissioner of Social Security. Pursuant to FED. R. CIV. PRO. 25 (d), Larry G. Massanari , Acting Commissioner of Social Security, is substituted for William A. Halter, Acting Commissioner of Social Security, as the defendant in this action.

memorandum by June 18, 2001, that Defendant serve a response by July 18, 2001, and that Plaintiff

serve any reply, and file with the Clerk, as a package, the original and one copy of all papers relating

to the Motion to Reverse or Remand Administrative Agency Decision by August 20, 2001.

3.      To date, Plaintiff has failed to file the briefing package as required by my Order of

April 12, 2001.  Plaintiff has not moved for an extension of time, or for any other relief.  This Court

has inherent power to impose a variety of sanctions on litigants in order to regulate its docket,

promote judicial efficiency, and deter frivolous filings. *See Martinez v. Internal Revenue Service*, 744

F. 2d 71, 73 (10th Cir. 1984). One such sanction is to dismiss an action for want of prosecution. *Link

v. Wabash R. R Co.*, 370 U. S. 626, 629-30 (1962); *DeBardeleben v. Quinlan*, 937 F. 2d 502, 504

(10th Cir. 1991).  This case should be dismissed without prejudice because Plaintiff failed to comply

with my Order of April 12, 2001 and failed to prosecute his case.

4.      Before dismissing a complaint due to a plaintiff's failure to prosecute, however, the

Court must consider five factors: (1) the degree of actual prejudice to the defendant; (2) the amount

of interference with the judicial process;  (3) the culpability of the litigant; (4) whether the court

warned the party in advance that dismissal of the action would be a likely sanction for noncompliance;

and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F. 2d 916, 921 (10th Cir. 1992).

Plaintiff is hereby notified that dismissal is likely sanction for his failure to comply with my Order of

April 12, 2001.  In order to avoid dismissal without prejudice, Plaintiff shall address each of the

*Ehrenhaus* factors in his objections to the Proposed Findings and Recommended Disposition.  If

Plaintiff fails to satisfy the *Ehrenhaus* factors, the district judge may dismiss the case without

prejudice upon my recommendation.

## RECOMMENDED  DISPOSITION

I recommend that this case be dismissed without prejudice due to Plaintiff's failure comply with my Order of April 12, 2001 and her failure to prosecute this case.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**